CARLTON, J.,
concurring in result only.
¶ 111. My reservations in this case concern whether sufficient evidence was presented to establish express warranty. “An express warranty is any affirmation of fact or promise which concerns the product and becomes part of the basis for the purchase of such a product.” Forbes v. General Motors Corp., 935 So.2d 869, 876(11) (Miss.2006). To prevail on a products liability claim based upon a breach of warranty, Mississippi Code Annotated section 11—1— 63(a)(i)(4) (Rev.2002) requires a finding that “[t]he product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product[.]”
*315 ¶ 112. In the case at bar, the seller testified as to the factual representations presented to the original purchaser, Ivan Ostrander. However, Ostrander failed to testify. The seller testified that his usual practice included informing the customer about the differences in the performance of tires when the customer selected a lesser speed-rated tire, but the seller could not specifically recall that he discussed these differences in performance with Ostrander.
¶ 113. My concern, therefore, specifically addresses whether or not the original purchaser justifiably relied on the express warranty at issue. Goodyear did not object to the jury instructions as to express warranty on the basis of insufficiency of the evidence. Hence, the trial judge did not possess the opportunity to address the issue, and the issue is not properly before this Court. I, therefore, concur in result only.